**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**CASE NO.:**

| | |
|---|---|
| ARISLEYDA DELEON, on behalf of herself and other similarly situated individuals,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>NEW CENTURY FINANCIAL SERVICES, INC.,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant NEW CENTURY FINANCIAL SERVICES, INC. (hereinafter "Defendant" or "New Century") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is an action for damages brought by an individual consumer for Defendant's violation of the automatic stay 11 U.S.C. §362, which bars any and all debt collection once a bankruptcy was filed.

3. This is an action for damages brought by an individual consumer for Defendant's violation of the discharge injunction 11 U.S.C. §524, which bars any and all debt collection once a debtor has been granted a discharge of debts.

4.  This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the New York General Business Law NY GBS § 380, *et. seq.* and for the common law tort of defamation.

5.  Plaintiff brings this action on all causes of action on behalf of herself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II. JURISDICTION

6.  This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(1) because Plaintiff lives in this District.

8.  Defendant conducts business in this District, and the injury occurred in this District.

9.  Supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

## III. ALLEGATIONS AS TO PARTIES

10. Plaintiff, Arisleyda Deleon, ("Deleon") is a natural person residing in Bronx County, New York.

11. Ms. Deleon is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

12. Upon information and belief Defendant NEW CENTURY FINANCIAL SERVICES, INC. is a foreign business corporation that did transact, and does now presently transact business in the State of New York.

13. Defendant New Century is authorized to conduct business in the State of New York through its registered agent Corporation Service Company located at 80 State Street, Albany, New York 12207.

14. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. New Century possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

15. Upon information and belief, the principal purpose of New Century is a debt buyer and debt collector that buys judgments, defaulted loans, credit card accounts, car loans and other debts, which it purchases from creditors at a substantial discount to the face value of the debts.

16. Based upon the allegations in the ¶¶ 12-15, New Century is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

18. Defendant New Century is subject to jurisdiction in the State of New York and venue of this district pursuant to the New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff adopts and realleges the foregoing as fully restated herein.

20. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. Upon information and belief, on a date better known to Defendant, Defendant obtained said alleged debt and through its attorneys Pressler & Pressler, LLP commenced suit against Deleon in the Superior Court of the State of New Jersey, Passaic County on or about July 29, 2003.

22. Upon information and belief, New Century through its attorneys obtained a default judgment ("Judgment") in the amount of $ 1,695.41 against Deleon on or about November 5, 2008.

23. At the time the lawsuit was commenced Ms. Deleon did not reside nor transact business in Passaic County or any other county in the State of New Jersey. As a matter of fact, Ms. Deleon has never resided outside of the State of New Jersey.

24. Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 on February 28, 2018. Said application was made to the United States Federal Bankruptcy Court for the Southern District of New York.

25. Plaintiff was eventually granted a discharge of her debts under 11 U.S.C. § 727 by order of Hon. Martin Glenn dated May 31, 2018.

26. As with the filing of any bankruptcy petition and ultimately a discharge of debts, a consumer/debtor is protected from creditors that are acting in any capacity to collect,

assess or recover a claim against the consumer/debtor that arose before the commencement of the bankruptcy proceedings.

27. Consequently, by the discharge injunction that goes into effect once a discharge of debts has been granted, a creditor is barred from collecting that arose before the commencement of the bankruptcy proceedings.

28. As such, as to the Plaintiff, the discharge injunction stopped all creditors and debt collectors from collecting debts incurred on or before February 28, 2018.

29. As evidenced above, the alleged debt with New Century Financial Services, Inc. was incurred prior to February 28, 2018.

30. Upon information and belief, Defendant received the debt from an unknown creditor sometime before the filing of the bankruptcy petition, for purposes of collection. Plaintiff has no knowledge as to the exact date of the Defendant's receipt of the debt from an unknown creditor.

31. On or about February 26, 2018, Defendant through its attorneys Pressler & Pressler, LLP, filed a motion to turn over funds against Plaintiff in the Superior Court of the State of New Jersey, Passaic County.

32. Consequently, Defendant's motion resulted in a signed order from the court, which led to Defendant obtaining a Writ of Execution Against Goods and Chattel of the Plaintiff on September 17, 2018.

33. Accordingly, New Century through its attorneys began its collection efforts to collect said debt from Plaintiff.

34. Defendant's collection attempts included but is not limited to implementing its writ of execution, which resulted in in the restraint of Plaintiff's bank account housed at Bank of

America and monies being withdrawn and handed over to the Defendant in November 2018.

35. Defendant's attempts at collecting the debt, specifically implementing the writ of execution, thus causing Plaintiff's bank account to be disabled, was an attempt to collect a debt that no longer legally existed. This was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36. Upon information and belief, Defendant received the debt from an unknown creditor, sometime before the filing of the bankruptcy petition, for purposes of collection. Plaintiff has no knowledge as to the exact date of the Defendants' receipt of the debt from the unknown creditor.

37. Consequently, notwithstanding that fact, Defendant has both the means and responsibility under applicable statutes, including without limitations, the Fair Debt Collection and Practices Act and the Fair Credit Reporting Act, to determine whether a particular consumer/debtor has filed a bankruptcy petition and/or was granted a discharge of his/her debts.

38. Debt collectors routinely check credit reports and run searches via names through PACER. These are two of the common practices of debt collectors.

39. Consequently, Defendant engaged in these common practices and maliciously still sought to collect the debt from the Plaintiff.

40. In the alternative, presuming without conceding, that Defendant, did not engage in the practices described in ¶ 38, it is still liable as described herein.

41. Plaintiff was confused as to Defendant's collection attempt because she knew that she had no valid contract or agreement with the Defendant and that all debts incurred by her before

February 28, 2018, were rendered null and void through bankruptcy and there were to be no collection attempts for any debts allegedly owed by her.

42. Defendant New Century's actions forced the Plaintiff into paying a debt that was precluded for collection by the discharge injunction of bankruptcy.

43. Not only did New Century lack standing to bring and maintain its legal action, thus collecting a debt from the Plaintiff, but it was also proscribed by a Consent Order between the Consumer Financial Protection Bureau ("CFPB") and New Century.

44. It must be noted that it has been thoroughly and publicly documented that the Defendant have absolutely no legal claim to pursue a vast number of the debts that it has attempted to collect, including the debt at issue in this action. As noted by the Consumer Financial Protection Bureau, Defendant had no standing to sue customers. "Prior to the filing of suit Respondent did not always provide the Law Firms with the documents evidencing the full chain of title showing that Respondent actually owned the debt and thus had standing to sue the consumer."

45. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into paying an invalid debt.

46. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying an invalid debt.

47. In light of the facts articulated herein, Defendant attempted to collect an invalid debt by communicating false representations or utilizing deceptive means.

48. In light of the facts articulated herein, Defendant attempted to collect an invalid debt by intentionally mischaracterizing the legal status of the debt.

49. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

50. In light of the facts articulated herein, Defendant engaged attempted to collect a debt not authorized by any agreement.

51. In light of the facts articulated herein, Defendant attempted to collect a debt not permitted by law.

52. In light of the facts articulated herein, Defendant caused charges to be incurred by the Plaintiff.

53. In light of the facts articulated herein, Defendant attempted to collect a debt by unlawfully disabling the consumer's property.

54. In light of the facts articulated herein, Defendant attempted to collect a debt by bringing a legal action in a jurisdiction where the Plaintiff did not reside.

55. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), 1692f(5), 1692f(6) and 1692i(a)(2).

56. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

57. The FDCPA statute of limitations was tolled. Although, Defendant obtained the default judgment against the Plaintiff in 2003, Plaintiff did not know that the violations existed

until she became aware that the legal action existed in November 2018 when her bank account was disabled and monies turned over to the Defendant.

58. Defendant's enforcement of the judgment of the Plaintiff was done within the statute of limitations of the FDCPA.

59. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## V. PRACTICES OF THE DEFENDANT

60. It is or was the policy and practice of Defendant to collect or attempt to collect debts from consumers that have been rendered null and void or barred from collection by law.

61. It is or was the policy and practice of Defendant to collect or attempt to collect debts not permitted or authorized by law.

62. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

63. That the Defendant intentionally and knowingly and/or carelessly and recklessly seek to collect legally barred debts for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

64. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant is abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

65. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

66. The Defendant's conduct has caused Plaintiff to experience worries and concerns that are separate from the anxiety she felt about the bankruptcy. Her reactions and emotions were not fleeting or inconsequential. She suffered significant emotional harm as a result of Defendant's conduct in willfully violating the discharge injunction. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional and economic harm. She suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, bank fees, and emotional distress.

## VI. CLASS ALLEGATIONS

67. The causes of action are brought on behalf of Plaintiff and the members of a class.

68. The class consists of all persons within the State of New York whom Defendant's records reflect were subject to collection activity by the Plaintiff after filing bankruptcy within the period of time commencing five years before the filing of this complaint up to and including the date of the filing of the complaint and who were subject to collection activity (a) after being granted a discharge of their debts; and (b) in a jurisdiction they did not reside.

69. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the

thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

70. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that unlawful collection activity is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who were subject to such collection activity (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

71. Case Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

72. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

73. That if the facts are discovered to be appropriate, Plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

74. Collection activity, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

75. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## VII. ALLEGATIONS OF LAW

### A.  THE FDCPA (15 U.S.C § 1692)

76. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  d, e, and f.

    i.  Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii.  Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt; making false and misleading

representations in connection to the character, amount and legal status of an alleged debt; and utilizing false representations or deceptive means to collect a debt;

iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

iv. Defendant violated 15 U.S.C. § 1692e(10) utilizing false representations or deceptive means to collect an alleged debt;

v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair tactics to collect an alleged debt;

vi. Defendant violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law;

vii. Defendant violated 15 U.S.C. § 1692f (5) by causing charges to be made by the consumer;

viii. Defendant violated 15 U.S.C. § 1692f (6) by employing unfair practices to disable and take the consumer's property;

ix. Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action in a location other than where the contract was signed or where the consumer resides.

## B. <u>THE DISCHARGE INJUNCTION (11 U.S.C § 524)</u>

77. Section 524 of the United States Bankruptcy Code bans a creditor from collecting on pre-petition debt. Specifically, section 524(a)(2) provides that a bankruptcy discharge

"operates as an injunction against... an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived....".

78. The discharge injunction is permanent, survives the bankruptcy case and is always applicable with respect to every debt that was discharged.

79. Defendant clearly violated 11 U.S.C §524.

## C.  <u>NEW YORK GENERAL BUSINESS LAW (NY GBL § 349)</u>

80. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

81. Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt.

82. Defendant's actions clearly violated NY GBL § 349 prohibiting deceptive acts and practices.

## <u>COUNT I</u>

### <u>Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person</u>

83. Plaintiff adopts and realleges the foregoing as fully stated herein.

84. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

85. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendant restraint, received and retained the Plaintiff's property in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and

eventually rendered null and void by the bankruptcy discharge. Moreover, representing to a court of law that debt was a permissible account to be collected on, was a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt.

86. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

87. By restraining, receiving and retaining Plaintiff's property even after being prohibited to do so by the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

88. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

89. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

90. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT II**

### **Violation of § 1692e of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

91. Plaintiff adopts and realleges the foregoing as fully stated herein.

92. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. <u>See</u>, 15 U.S.C. § 1692e.

93. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendant restraint, received and retained the Plaintiff's property in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge. Moreover, representing to a court of law that debt was a permissible account to be collected on, was a false representation and deceptive and misleading means used by Defendant in its attempt to collect the alleged debt.

94. Defendant's violation of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

95. By restraining, receiving and retaining Plaintiff's property even after being prohibited to do so by the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

96. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

97. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

98.  Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

99.  Plaintiff adopts and realleges the foregoing as fully stated herein.

100. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692e(2).*

101. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, filing a motion to turn over funds against the Plaintiff in a Court of law, thus obtaining a Writ of Execution Against Goods and Chattel of the Plaintiff, at which time, Defendant made numerous false and misleading representations regarding the legal status of the alleged debt.  Additionally, by subsequently levying Plaintiff's bank account and receiving funds, Defendant represented to the Plaintiff that the alleged debt was a viable account which could be paid and collected.

102.  Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

103. By engaging and continuing collection activity the likes of which Defendant intentionally negligently and falsely represented to a court of law the legal status of the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress,

humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

104. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

105. Defendant's violations of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 *U.S.C. § 1692k(a)(1).*

106. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

## Violation of § 1692e(10) of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

107. Plaintiff adopts and realleges the foregoing as fully stated herein.

108. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

109. Defendant's violations of §1692e(10) of the FDCPA, include, but are not limited to, filing a motion to turn over funds against the Plaintiff in a Court of law, thus obtaining a Writ of Execution Against Goods and Chattel of the Plaintiff, at which time, Defendant made numerous false representations regarding the alleged debt and engaged in deceptive means in its attempt to collect the alleged debt.

110. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

111. By engaging and continuing collection activity the likes of which Defendant intentionally negligently and falsely represented to a court of law the legal status of the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

112. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

113. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT V**

### **Violation of § 1692f of the FDCPA – any unfair or unconscionable means to collect or attempt to collect the alleged debt**

114. Plaintiff adopts and realleges the foregoing as fully stated herein.

115. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

116. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect.

Defendant restraint, received and retained the Plaintiff's property in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge. Moreover, representing to a court of law that debt was a permissible account to be collected on, was an unfair and unconscionable means Defendant employed in collecting the alleged debt.

117. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

118. By restraining, receiving and retaining Plaintiff's property even after being prohibited to do so by the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

119. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

120. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT VI**

### **Violation of § 1692f(1) of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

121. Plaintiff adopts and realleges the foregoing as fully stated herein.

122. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692f(1).*

123. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendant restraint, received and retained the Plaintiff's property in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge. Defendant's actions are clearly not permitted by law.

124. Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

125. By restraining, receiving and retaining Plaintiff's property even after being prohibited to do so by the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

126. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

127. Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

128. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged

to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### COUNT VII
### Violation of § 1692f(5) of the FDCPA – Caused any charges to be made to the consumer

129. Plaintiff adopts and realleges the foregoing.

130. Section 1692f(5) of the FDCPA prohibits a debt collector from causing any charges to be made to the consumer. *See, 15 U.S.C. § 1692f (5).*

131. Defendant's violation of § 1692f(5) of the FDCPA, include, but are not limited to, Plaintiff incurring levy fees from her banking institution as a result of Defendant's restraint on Plaintiff's bank account.

132. Defendant's violation of § 1692f (5) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

133. By unlawfully and intentionally causing charges to be incurred by the Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

134. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment, disruption of financial security and stability and attorney's fees

135. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(5) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety, emotional distress, humiliation, embarrassment, disruption of financial security and stability.

136. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(5) of the FDCPA, Plaintiff was damaged in that she, among other things, incurred significant levy fees from his banking institution as a result of Defendant's restraint on her bank account.

137. Defendant's violations of § 1692f(6) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

138. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VIII

### Violation of § 1692f (6) of the FDCPA – Taken or threatened to unlawfully repossess or disable the consumer's property

139. Plaintiff adopts and realleges the foregoing as fully stated herein.

140. Section 1692f(6) of the FDCPA of the FDCPA prohibits a debt collector from unlawfully disabling the consumer's property.  *See, 15 U.S.C. § 1692f (6).*

141. Defendant's violations of § 1692f(6) of the FDCPA, include, disabling Plaintiff's bank account by restraining it, receiving funds from the restrained bank account and retaining said funds of the restrained bank account even after being prohibited to do so by the discharge injunction. Plaintiff incurred levy fees from her banking institution.

142. Defendant's violations of § 1692f(6) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

143. By receiving and retaining Plaintiff's property even after even after being prohibited to do so by the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the

form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

144. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(6) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant' abusive attempts to collect a debt.

145. Defendant's violations of § 1692f(6) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. _See_ _15 U.S.C. § 1692k(a)(1)._

146. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT IX**

### **Violation of § 1692i(a)(2) of the FDCPA – Bringing legal action in a location other than where contract signed or where consumer resides**

147. Plaintiff adopts and realleges the foregoing.

148. Section 1692i(a)(2) of the FDCPA prohibits a from bringing a legal action in a location other than where the contract was signed or where the consumer resides. _See, 15 U.S.C. § 1692i(a)(2)._

149. Where there is no signed contract, the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides. See  Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

150. As stated previously, at the time of commencement of Defendant's original lawsuit against the Plaintiff, the Plaintiff never resided nor transacted business in Passaic County

or any other county in the State of New Jersey. As a matter of fact, the Plaintiff has never resided outside of the State of New York.

151. Defendant's violations of § 1692i(a)(2) of the FDCPA, include, commencing the consumer credit proceeding against the Plaintiff in a judicial district she did not reside, nor transact business in. Defendant made it impossible that Plaintiff would have been able to become aware of the Superior Court Action and properly defend herself in that action.

152. Defendants' violation of 1692i(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

153. By unlawfully commencing an action against the Plaintiff in a judicial district Plaintiff did not reside nor transact business, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

154. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692i(a)(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive attempts to collect a debt.

155. Defendant's violation of § 1692i(a)(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

156. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT X

### Violation of the Discharge Injunction, 11 U.S.C § 524

157. Plaintiff adopts and realleges the foregoing.

158. Section 524(a)(2) of the United States Bankruptcy Code, more commonly termed the discharge injunction, voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor, in addition to functioning as an interdict against the commencement or continuation of any action, the employment of process, or an act, to collect, recover or offset any debt discharged as a personal liability of the debtor, whether or not such discharge of such debt is waived.

159. As stated previously, Plaintiff was granted a discharge of her debts on May 31, 2018.

160. Defendant's violations of § 524(a)(2) of the Bankruptcy Code, include but are not limited to, obtaining a Writ of Execution Against Goods and Chattel of the Plaintiff on September 17, 2018, whose implementation led to the restraint of Plaintiff's bank account housed at Bank of America and monies being withdrawn and handed over to the Defendant in November 2018.

161. A bankruptcy discharge relieves the debtor of personal liability for pre-petition debts, in other words, New Century and its attorneys cannot and should not have pursued a discharged debtor for repayment of the debt.

162. By violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

163. As a direct and proximate result of Defendant's violation of 11 U.S.C. §524, Plaintiff was damaged in that she, among other things, suffered stress, humiliation and anxiety as a result of Defendant's abusive and harassing attempts to collect a debt.

164. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violation of the discharge injunction.

165. Defendant's violations of § 11 U.S.C. §524 render it liable for costs, attorneys' fees and actual damages.

## COUNT XI
## Violations of the New York General Business Law, NY GBL § 349

166. Plaintiff adopts and realleges the foregoing.

167. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

168. GBL § 349 provides in relevant part as follows:

   a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

      i. *h.  In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing plaintiff.*

169. It is the regular business practice of Defendant to harass consumers in an abusive manner as a means to pressure the alleged debtor.  Defendant engaged in such a deceptive practice

aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

170. It is the regular business practice of Defendant to make false threats against consumers as a means to pressure the alleged debtor. Defendant engaged in such deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

171. The Defendant has a pattern of initiating legal proceedings against consumers residing in New York State, outside of the appropriate jurisdiction.

172. That Defendant has a pattern of restraining bank accounts of consumers within New York State each year for illegally obtained judgments and other impermissible debts.

173. That Plaintiff is a reasonable consumer within the meaning of the NY GBL.

174. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress, anxiety, emotional distress, humiliation, embarrassment, disruption of financial security and stability and attorney's fees, as a result of Defendants' abusive attempts to collect a debt.

175. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, incurred significant levy fees from her banking institution as a result of Defendant's restraint on her bank account.

176. By seeking to collect this debt from Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees, disruption of financial security and stability.

177. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

178. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Arisleyda Deleon prays that this Court:

a.  Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b.  Create a common fund available to provide notice of and remedy Defendant's violations;

c.  Declare that Defendant violated the FDCPA;

d.  Grant an award for actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant for Plaintiff;

e.  Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

f.  Declare that Defendant violated the discharge injunction, 11 U.S.C. §524;

g.  Grant an award for costs and attorney's fees, in addition to actual damages for Defendant's violation of the discharge injunction;

h.  Grant Plaintiff an award for actual damages;

i.  Declare that Defendant violated the New York General Business Law, NY GBL § 349;

j.  Grant preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in abusive and oppressive collection practices as outlined in this Complaint.

k.  Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

l.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Arisleyda Deleon demands trial by jury.

Respectfully submitted,

Dated: December 5, 2018

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**